UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DERRICK FLINT,
    Plaintiff,

vs.                                                                          10-1361

MICHAEL RANDLE, et.al.,
    Defendants.

## MERIT REVIEW ORDER

       This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated in the Illinois Department of Corrections (herein IDOC). The Plaintiff's complaint is somewhat difficult to follow. In 1976, the Plaintiff was arrested and charged with possession of a controlled substance. The Plaintiff was found guilty and sentenced to an indeterminate sentence of 2 to 6 years in the IDOC. (Comp, p. 8). The Plaintiff remained on bond while he appealed that conviction. On June 29, 1979, the Plaintiff's conviction and sentence were affirmed, but there was never an order entered revoking the Plaintiff's bond. It appears the Plaintiff never served this sentence.

       In 2008, the Plaintiff was arrested and charged with the offense of aggravated battery of a police officer. He was sentenced to two years in prison on October 10, 2008. (Comp, p. 8) The Plaintiff's release date was scheduled in 2009. However, in June of 2009, the Illinois Prisoner Review Board advised the Plaintiff that he would need to serve the indeterminate sentence for his 1976 case. The Plaintiff's incarceration was extended to March 12, 2011.

       The pro se Plaintiff has labeled his case as a lawsuit pursuant to 42 U.S.C. §1983. Nonetheless, he is asking the court not just for damages, but also to "be released from IDOC." (Comp, p. 6) When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v Rodriguez,* 411 U.S. 475, 500 (1973). "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits. It should simply be dismissed, leaving the prisoner to decide whether to refile it as a petition for habeas corpus."*Pischke v*

*Litscher,* 178 F.3d 497, 500 (7th Cir. 1999) *citations omitted.* Therefore, this case must be dismissed.

**IT IS THEREFORE ORDERED:**

1) **The merit review hearing scheduled for December 16, 2010 is canceled as unnecessary. The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs.**

2) **The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

3) **The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

4) **The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

5) **If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 8th day of December, 2010.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE